CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**786 Samantha Inc.**, a California Corporation;<br>**Glencrest, LLC,** a California Limited Liability Company; and Does 1-10,<br><br>　　　　Defendants. | Case No: 2:20-cv-06970-VAP-PLA<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave to File First Amended Complaint**<br><br>Fed.R.Civ.P. 15(a)(2).<br><br>Date: January 25, 2021<br>Time: 2:00 p.m.<br>Courtroom: 8A (8th Floor)<br><br>Hon. Judge Virginia A. Phillips |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Relevant Facts

On October 17, 2019, the plaintiff filed the Complaint in this case, alleging violations of the ADA and the Unruh Civil Rights Act. Dkt. 1. Plaintiff named Defendant 786 Samantha Inc. as the party who owned the subject property and Defendant Glencrest, LLC as the party who owned and operated the subject business. Dkt. 1 at 2, ¶¶ 2-5.

This identification of the defendants was in error. Declaration of Christopher A. Seabock ("Seabock Dec.") ¶ 2. The statuses of the defendants were switched at the drafting of the Complaint; in fact, Glencrest, LLC should have been alleged to be the owner of the property and 786 Samantha Inc. the owner and operator of the business. Seabock Dec. ¶ 2.

Additionally, in the preparation of the instant amendment, Plaintiff learned that Defendant 786 Samantha Inc. is no longer the owner and operator of the subject business. Seabock Dec. ¶ 3. Plaintiff has conducted an updated investigation and determined the current owner and operator of the subject business to be Fairfax Foods and Grocery Inc. Id.

## II. Legal Standard

### A. Policies and Principles Underlying the Role of Pleadings in Federal Courts Require 'Extremely Liberal' Opportunities to Amend Complaints

When a party seeks to amend his complaint, leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Over thirty years ago, the Supreme Court declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court explained:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Id. at 181-82. The Supreme Court then established some principles that have been consistently followed by courts deciding whether to allow an amendment to a complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

Id. at 182.

This circuit has consistently followed the Supreme Court's mandate. The policy of 'freely allowing' the amendments of complaints "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1989). Although the district court exercises discretion in allowing amendments, it abuses its discretion by denying an amendment when there is an absence of judicially developed factors. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d 1252, 1253 (9th Cir. 1981). These factors are discussed below.

3

Memorandum of Points and Authorities                    Case No.: 2:20-cv-06970-VAP-PLA

### B. This Court Should Allow the Amendment Because There Is No Undue Delay, Bad Faith, Futility, Dilatory Motives, Previous Amendments or Prejudice.

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Forsyth v. Humana, Inc., 99 F.3d 1504, 1518 (9th Cir. 1996). Another factor that can be considered by the court is whether the plaintiff has already amended the complaint. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 at fn. 3 (9th Cir. 1987). Because none of these factors apply in the present case, this Court should allow Plaintiff to amend his Complaint.

#### 1. Undue Delay

If the proposed amendment was unduly delayed, the district court can consider this as a factor in exercising its discretion to allow or deny the amendment. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d at 1253. In both *Hurn* and *Morongo*, the courts were faced with proposed amendments that had been delayed for two years. The *Morongo* court considered it a factor (among many) in its ultimate denial of the amendment, while the *Hurn* court allowed the amendment despite the two-year delay. Id.; Morongo Band of Mission Indians v. Rose, 893 F.2d at 1079. The *Morongo* court explained that even a *two-year* delay is not enough, by itself, to justify denying a proposed amendment. Id. The *Hurn* court stated:

> Delay alone does not provide sufficient grounds for denying leave to amend: Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.

Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d at 1253.

On the other hand, where the court is faced with bad faith and dilatory tactics, it will not abuse its discretion in denying an amendment. For example, in Jackson v. Bank of Hawaii, 902 F.2d 1385 (9th Cir. 1990), the court of appeals affirmed the district court's denial of an amendment. The court pointed out that the case had been "extensively litigated with several trial dates set" already. Id. at 1388. Furthermore, the plaintiffs knew they were going to amend and, in fact, "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and in February 1988, but delayed offering their amended complaint until May 1988." Id. The seventh month delay from the time they said they would file an amendment to the time they actually did file was "inexplicable and unjustified." Id.

Quite another situation was presented in *DCD Programs*. In *DCD Programs*, a defendant argued "unjust delay" in seeking to add it as a defendant. DCD Programs, Ltd. v. Leighton, 833 F.2d at 186. The district court rejected this argument and its decision was upheld by the court of appeals. Id. The court stated:

> [T]his suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct. Moreover, Fed.R.Civ.P. 11 requires the sanctioning of attorneys who bring suits lacking a factual basis. Consequently, attorneys are cautioned, by this threat of sanctions, to perform their duty to investigate before involving a party in a lawsuit.

Id., at 186 & fn. 4.

In sharp contrast to the two-year delays in *Hurn* and *Morengo*, here, Plaintiff has sought amendment promptly. Not only has the deadline to amend not lapsed, it has not even been set. Similar to the DCD Programs case, this case is in its "early stages." The Court has yet to even issue a scheduling order. Given the early stage of this case, this swiftly brought motion to amend, the "extremely liberal" Supreme Court mandate, and the policies of trying cases on their merits, this Court should find that there has not been an undue delay and allow the amendment.

### 2. *Futility*

If the amended complaint would do nothing more than present a futile claim, the district court can properly deny the amendment. Forsyth v. Humana, Inc., 99 F.3d at 1518. In *Forsyth*, the plaintiff's sought leave to amend the complaint and add new claims. Id. The district court properly denied the amendment because one claim was preempted by federal law and the other claim was predicated upon a criminal statute and provided no private cause of action. Id. The futility of the claims would have resulted in a waste of judicial resources and were properly denied. Id.; *see also* Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir.1986) (holding that amendment was futile because amended claim could not survive summary judgment); Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984) (holding that motion to amend is futile if amended complaint would not survive a motion to dismiss); Aughe v. Shalala, 885 F.Supp 1428 (W.D. Wash. 1995) (holding that the addition of new parties who would merely assert the same claims that had already been summarily judged was a futile gesture).

Plaintiff's motion, however, is not futile. The relevant claims have not been adjudicated, the claims are not preempted, the claims do state a cause of action against the parties, and the modification of the Complaint is not futile. Quite to the contrary, the addition of the newly named defendant ensures the availability of remedies to the plaintiff.

By amending the Complaint to correctly allege the respective responsibilities of Defendants 786 Samantha Inc. and Glencrest LLC, Plaintiff ensures his allegations are adjudicated on their merit, not disposed of by mere scrivener's error. By including Fairfax Foods and Grocery, Inc., Plaintiff ensures the ability to obtain injunctive relief.

### 3. First Amendment

Another factor occasionally considered in reviewing a motion to amend a complaint is "whether the plaintiff has previously amended his complaint." Programs, Ltd. v. Leighton, 833 F.2d at 186, fn.3. The *DCD Programs* court explained:

> In Mir v. Fosburg, 646 F.2d 342 (9th Cir. 1980), the plaintiff had amended his complaint once. Both the original complaint and the amended one were dismissed for lack of jurisdiction. When the plaintiff requested leave to file a second amended complaint, the district court denied the motion. In affirming the denial, this court held that a district court's discretion over amendments is especially broad "where the court has already given a plaintiff one or more opportunities to amend his complaint...." Id. at 347; see Fidelity Financial Corp. v. Fed. Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); Mooney v. Vitolo, 435 F.2d 838, 839 (2d Cir.1970) (per curiam).

Id.

Plaintiff has not amended his Complaint previously and, therefore, the Court should "freely allow" this first amendment.

### 4. No Prejudice

A district court can deny a proposed amendment if permitting the amendment would prejudice the opposing party. Jackson v. Bank of Hawaii, 902 F.2d at 1387. In fact, this factor is the most important factor. Id. In *Jackson*, the district court properly denied the amendment because after the case had been extensively litigated and several trial dates set, the plaintiffs sought to amend the complaint alleging new legal theories predicated upon a different set of facts. Id. at 1387-88. The district court determined that this would unduly prejudice the defendants. Id.

Similarly, in *Morongo*, the district court rejected a proposed amendment because:

> The new claims set forth in the amended complaint would have **greatly altered** the nature of the litigation and would have required defendants to have undertaken, at a late hour, an **entirely new course of defense**. Again, this factor is not fatal to amendment but it enters into the balance.
>
> In light of the **radical shift** in direction posed by these claims, their **tenuous nature**, and the **inordinate delay**, we conclude that the district court did not clearly abuse its discretion in denying leave to amend.

Morongo Band of Mission Indians v. Rose, 893 F.2d at 1079 (emphasis added) (internal citations omitted).

In contrast, the defendants in the present case are faced with the exact same cause of action and will use the same defenses. There is no radical shift in the case, the claims are not merely tenuous, and there has been no inordinate delay. Plaintiff's amendment alleges the same cause of action and merely corrects the reason the current defendants are liable and adds a necessary party to ensure access to the injunctive relief sought. Particularly in this case, where very little litigation has actually occurred, prejudice to the defendants is minimal.

Plaintiff's amendment is much more analogous to the *Hurn* and *Crawford* amendments. In *Crawford*, the appellate court stated bluntly that the plaintiff should be allowed to amend his complaint, as the "amendment would not prejudice [defendants], because it would not require [defendants] to undertake an entirely new course of defense, or to conduct substantial additional discovery." Crawford v. Gould, 56 F.3d 1162, 1169 (9th Cir. 1995) (emphasis added).

In *Hurn*, the court examined the case and found that the "same set of operative facts" were alleged and that the defendants had not compromised their positions in such a way that the amendment would prejudice them. Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California, 648 F.2d

at 1253. The same circumstances exist in the present case. The same set of operative facts exists, and the defendants have not compromised their position in any way.

### III. Conclusion

Leave to amend "shall be freely given" when justice so requires, and this policy is to be applied with extreme liberality. The district court has discretion to deny a motion to amend when certain factors are present. None of these factors are present in this case.

This motion seeks the first amendment to the Complaint and does not allege a new set of facts or legal theories. The defendants have not compromised their positions. The amendment is neither futile nor dilatory. Moreover, Plaintiff has a good reason for amending his complaint: to ensure all responsible parties are correctly named and brought into the case, allowing for full and complete litigation of the case.

Allowing Plaintiff to amend his complaint would further the principles underlying Rule 15(a) by allowing the trial to proceed on its merits to trial against all responsible parties. The Plaintiff respectfully requests leave to amend the Complaint.

Dated: December 28, 2020                CENTER FOR DISABILITY ACCESS

                                        By: /s/ Christopher A. Seabock
                                            Christopher A. Seabock
                                            Attorneys for Plaintiff